United Shoe Repairing Company
    vs.
  John L. Cummings
            Law No. 2840

April 14, 1926

WALSH, J. The plaintiff brought this action of replevin to recover from defendant one Goodyear Stitcher Model C, No. 215, and style 4 outfit Model N, 3046. There was a written agreement between the parties as to these chattels, whereby defendant leased them from plaintiff for a term of 17 years. The date of agreement was March 19, 1917. Defendant paid $50 with his order and agreed to pay 24 cents per thousand stitches, as registered on a device placed on the machine, as royalty each month, minimum payment per month to be not

less than $5. On September 15, 1919, plaintiff claimed there was due $106.78 on royalty and findings and $95 on machinery payments from defendant. Defendant refused to pay and also refused to give up the chattels after demand.

The plaintiff further claimed that a cancellation notice in accordance with the terms of the written agreement was delivered to defendant on November 4, 1919, and that thereafter this suit was brought.

Defendant claimed that the chattels were not delivered to him in a complete condition ready for use; that the belts connecting the motor to the stitcher were never delivered; that other parts of the machine were missing; that he could not use and never did use the stitcher, and that no royalties were earned or due, and calls attention to the failure of plaintiff to produce the "register of stitches" on the machine, which defendant claimed would show that the machine had never been used.

It is inconceivable that the defendant should have paid such a comparatively large sum of money to plaintiff on this agreement during the period from March, 1917, to the end of the war if the chattels were not satisfactory. The probability is that the defendant was doing a large business in shoe repairing for the large influx of enlisted men then stationed in Newport during the war, as he has testified, and it is also probable that this stitcher and its attachments were used in such work. At the close of the war this business fell off and the defendant did not require this machine and its accessories as much as formerly.

The strong preponderance of the testimony in this case rests with the plaintiff and the verdict of the jury was against the law and the evidence and the weight thereof.

Motion for new trial granted.